UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Demetrius Hill, pro se,
                        Plaintiff,

                v.

Lee TATUM, Warden, MCC,
  Les oWens, staff Attorney, MCC,
mr. Reid, Unit manager, MCC
Kenneth Bork, staff Attorney, MDC
C.O. St. John; C.O. mobely (acting Lt.)
  John Doe 1 thru 5 (SHU and mail Room)
Lt. Hollet, Nurse Jean

COMPLAINT
JURY TRIAL DEMANDED

17 CV 4070

This action is brought pursuant to Bivens v. Six

unknown Named Agents, 403 U.S. 388 (1971) for civil and Constitutional

rights violations (U.S. Const. 1, 4, 5, 8); and the Federal Tort Claims Act

(FTCA) 28 U.S.C. 1346(b), 2671-2680 for wrongful Confinement via

a Complete denial of recreation for 30 plus days.
                    STATEMENT OF FACTS
                        CLAIM ONE
All claims herein relate to when Plaintiff was Confined at MCC-N.Y.

From about June 2016 until about october 2016, on a federal

1

Writ, From a Civil litigation in the Eastern Dist. of N.Y. (Hill v. Laird, 06 CV 126(JS)) which was ultimately settled out. When Plaintiff arrived at MCC, he was placed in a area of the prison (located with the SHU) known as 10 south lower, formally, and informally referred to as the "Terrorist unit". The tier has only 4 cells, and each cell door window has a metal plate attached to it, so staff can open look at a prisoner and then close the flap back so said prisoner can not look out onto the tier or see anyone outside his cell. There is a shower inside the cell, yet Plaintiff was refused a shower curtain, and there is a camera that faces directly into the shower and the toilet. So that Plaintiff had to bathe and use the bathroom in front of both male and female staff members on camera. Acting Lt. Mobley on more than several occaisions came in front of Plaintiffs assigned cell leering at him, and making lewd comments about Plaintiffs geniltalia. At on point

2

after Plaintiff covered the shower with a sheet, Mobley threatened to write a incident report if Plaintiff did not remove it. Mobley stated he had a "right to see every part of" Plaintiffs body. That he was "getting off" on Plaintiff, and other comments demeaning and humiliating him each time. Plaintiff was forced to sleep on a concrete slab with an exceptionally thin mattress that was torn and soaked with a stinking mildew on the inside. There was a concrete stool to sit on, and concrete desk to sit at. There were 3 huge lights inside each cell that were kept on day and all night, Warden Tatum stated the lights were on constantly so staff could monitor Plaintiff on the several cameras inside the cell. Each cell was infested with roaches that came out of the (off) heater, and **BLACK** small worm type creatures that came out of the shower drain and the side panels of the shower. There are two vents inside the cell that blow nonstop freezing cold air, so that it is freezing in the summer time and until I left, it was freezing cold, yet Plaintiff was denied

3

his request to buy long johns and a thermal top from Commissary. This was done intentionally, with malice and sadistic intent to make Plaintiff miserable while at MCC, to force him to falter in his resolve to litigate his civil claims against MCC, to coerse him into dropping his civil suit and to retaliate against him for bringing said suit in the first place. Warden Tatum, the Captain and U.M. Reid repeatedly made this clear to Plaintiff in their statments "you can always go back to lewisberg, just drop your law suit" (Tatum); "You asked to come to New York, we made it comfortable for you didn't we" (Captain); "You brought this on yourself always filing so get use to it playa" (Um Reid). The back windows in the cells are completely blocked-out with some type of film, so that it cant be see out of, Plaintiff could not even see the sky.

CLAIM TWO

Plaintiff was denied recreation for the first 30 to 45 days he was at MCC. Each day Plaintiff would ask for recreation and would be told "No" by the rec officer. Plaintiff complained about

4

this to Assoc. Warden Regina Eldrige, who in turn asked the Captain (this was during their weekly rounds), the Captain stated "If he wanted rec he should of stayed at lewisberg instead of filing law suits. He poses a unique threat to the safety security and orderly running of the institution." He then walked off. Plaintiff was so stressed out he began to have migraine type headaches, he experienced a complete loss of appetite and experienced rapid weight loss, he experienced sleep loss, which all aggravated his GERD as he could not eat and when he tryed he would throw his food up. Those days of never getting out of the cell pschologically tortured him, and destroyed the normal functions of his body.

CLAIM THREE

On September 23, 2016, both Lt. Hollet and Lt. Anderson began spraying OC gas/pepper spray (chemical agents) into the cell directly accross from the cell Plaintiff was confined in. As Plaintiff began yelling he was having trouble breathing

5

Lt. Mobley, began smiling and encouraging both Lt. Hollet and Lt. Anderson to spray more gas, these lieutenants emptied what appeared to be two cannisters of chemical agents into the cell and out onto the tier. Though Plaintiff banged on the door for help Lt. Mobley directed two officers to manually hold Plaintiff' steel window-flap closed on his door. Plaintiff was literally choking on the gas, and b/c the vents were blowing non-stop the gas continuously flowed into Plaintiff cell. Plaintiff attempted to cover his nose and mouth with a t-shirt but the gas was to strong, he began to choke, his nose kept running, his eyes were burning, he thre-up and passed only to awake coughing again and again. On the following morning Plaintiff could barely breath and during sick-call rounds immediately told the physician assistant ("PA") who upon seeing Plaintiff in obvious distress called a lieutenant and asked that Plaintiff be brought to

6

Medical immediately. In Medical Plaintiff was given <u>two</u> albuterol and ipratropium treatments. Further, Plaintiff had to be placed on prednizone (a stelroid) in tapered dose. Plaintiff was intentionally subjected to cruel and unusual punishment and deliberate indifference.

<u>CLAIM FOUR</u>

Nurse Jean, was well aware that Plaintiff had severe asthma, as said nurse, brought Plaintiff his asthma inhalers on a regular basis as well as other medications. On Sept. 2, 2016 nurse Jean came on the range to speak to prisoner Jesse Rivera, at this time Plaintiff expressly reminded Ms. Jean that Plaintiff was asthmatic, and could not be subjected to OC gas pepper spay or any chemical agents. Ms. Jean tersly responded "I know how to do my job". Plaintiff told her that she needed to tell Lt. Hollet that, at which time Ms. Jean left the tier w/out responding. Plaintiff told Lt. Hollet several times he was asthmatic, and he could not

7

stand to be gassed or have it sprayed around him,
Lt. Hollet responded sarcastically "then what the hell were you
doing in lewisberg" he laughed and continued speaking to
Rivera. Lt. Mobley came on to the tier, looked around,
and stated as he left "if you got asthma guess I wont
have to worry about you writing me up any more cause your
going to die Tonight." He then left the range/tier. Nurse
Jean never rendered any form of aid after two cans of
gas were sprayed right accross the hall from Plaintiff and
Plaintiff was in clear distress banging on the door and
caughing and asking for help — no one helped they left
Plaintiff in that cell and failed to decontaminate the cell
where the gas had been sprayed.

CLAIM FIVE

UM Reidy conspired with Les owens and Kenneth Bork to
obstruct my ability to litigate the civil case Plaintiff was
in New york for. These defendants along w/ warden

8

Tatum, deprived Plaintiff of legal calls, even after two attorney Abraham Hassen and Lamis Deek wrote to Warden wrote to him requesting Plaintiff be provided such legal calls. This severely impaired Plaintiffs attorney-client relationship with Lamis Deek, as her mail dropped off to Plaintiff in the legal mail drop box at MCC would not be delivered for two to 3 weeks, the same is true of Mr. Hassen mail too Plaintiff. The legal mailings though properly marked were repeatedly opened out side Plaintiffs presence and documents, such as sample motions and settlement proposals we stolen. Les Owens and Kenneth Bork had Plaintiffs legal mailings photocopied and then Owens would give the contents to Bork, who relayed those contents to the attorneys representing MDC defendants. Owens and Bork assembled a list of attorneys Plaintiff was only allowed to call and prevented Plaintiff from hiring several attorneys by

9

Calling those attorneys and scaring them into not working with Plaintiff. All the executive staff in this complaint including Reid, Owens, Bork, and others conspired to keep Plaintiff confined in the terrorist unit without due process of law, and constituting cruel and unusual punishment — Plaintiff was kept in this unit even after Hon. Judge Seybert asked that Plaintiff be moved out of said unit (this occurred during a phone conference). Plaintiffs legal visitor Ms. Deck, Mr. Hassen, Stacy Richman, were continuously kept waiting hours before Plaintiff would be brought down to the legal visiting room.

Damages

Plaintiff seeks compesatory punitive and nominal damages for the Constitutional violations, and compensatory damages for the Torts alleged herein.

In Struggle

Demetrius Hill

I, Demetrius Hill, Declare the foregoing facts true and correct Executed: April 30, 2016.

28 USC 1746

DEMETRIUS HILL
68133-053
USP Coleman
P.O. Box 1023
Coleman, FL, 33521

10

Court Clerk
U.S.D.C
500 Pearl St.
N.Y., N.Y. 20009

4/30/16

RE: Complaint, IFP, forms
Copy of 3 Complaint

Dir/madam Can u plz send me
the IFP forms for the within
Complaint. And docket the Complaint
and send me the *docket number*
afstat. Lastly can u *plz* send me
a *copy* of the Complaint *after*
its docketed. thank u!

In Struggle
Demetrius Hill
DEMETRIUS Hill
68133-053
USP Coleman
P.O.BOX 1023
Coleman, FL, 33521

