UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMETRIUS HILL,

          Plaintiff,

-against-

WARDEN LEE TATUM; STAFF ATTORNEY LES OWENS; UNIT MANAGER REID; STAFF ATTORNEY KENNETH BORK; C.O. ST. JOHN; C.O. MOBELY (ACTING LIEUTENANT); JOHN DOES 1-5 (SHU AND MAIL ROOM); LT. HOLLETT; NURSE JEAN,

          Defendants.

17 Civ. 4070 (RWS)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-23-17

ROBERT W. SWEET, United States District Judge:

    Plaintiff Demetrius Hill, a federal prisoner currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, paid the filing fee to bring this *pro se* action asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, and <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). By letter filed on October 17, 2017, Plaintiff asserts that he wrote to the United States Attorney's Office for the Southern District of New York asking for permission to serve by mail but received no response. Plaintiff seeks an order from the Court directing the Clerk of Court to mail waiver of service forms to the U.S. Attorney's Office. (Dkt. No. 5.)

## DISCUSSION

### A. Assistance with Obtaining Waivers of Service

    When a *pro se* plaintiff pays the filing fee in person, the Court issues him a summons, and he himself arranges for the defendants to be served in compliance with Rule 4 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the

necessary copies to the person who makes service."). When a *pro se* plaintiff pays the filing fee through the mail, as happened in this case, the Court must order that a summons be issued, and the plaintiff still arranges service himself. See id. Only when a plaintiff is proceeding *in forma pauperis*, or upon request and court order, may the United States Marshals serve the summons and complaint for a plaintiff. See Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal . . . . The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . ."). The Court's docket shows that on August 1, 2017, the Clerk's Office mailed to Plaintiff a summons and information package. Plaintiff now seeks assistance with obtaining waivers of service.[1]

The Court recognizes that Plaintiff is incarcerated, and thus effecting service is more challenging than it would for a *pro se* litigant who is not in custody. However, Plaintiff makes no indication that he has attempted to serve, or to obtain waivers of service, on his own. Moreover, Plaintiff is a prodigious litigator. According to Public Access to Court Electronic Records (PACER), Plaintiff has filed more than 100 civil actions and appeals in federal district and circuit courts around the country.[2] While Plaintiff faces challenges, he has been able to pursue legal

---

[1] Rule 4(d) of the Federal Rules of Civil Procedure allows a plaintiff to "notify . . . a defendant [subject to service under Rule 4(e), (f), or (h)] that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). That defendant "has a duty to avoid unnecessary expenses of serving the summons," and failure, "without good cause, to sign and return a waiver requested by a plaintiff" will result in the defendant being responsible for the expenses incurred for service. Id.

[2] The Court may consider matters that are subject to judicial notice, including court records. See Fed. R. Evid. 201(b)-(c); Schenk v. Citibank/Citigroup/ Citicorp, No. 10 Civ. 5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing Anderson v. Rochester–Genesee Reg'l Transp. Auth., 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

action from prison. Sample language for waiver of service forms are available in the Federal Rules under Rule 4. Accordingly, the Court denies without prejudice Plaintiff's request to have the Clerk's Office assist him with obtaining waivers of service.

### B. Alternative Methods of Service

There are methods of service that do not involve personal delivery and are inexpensive. Rule 4(e)(1) of the Federal Rules allows a plaintiff to follow New York state law for serving a summons and complaint. See Fed. R. Civ. P. 4(e)(1). Under § 312-a of the New York Civil Practice Law and Rules, a plaintiff may serve a summons and complaint "by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. Law § 312-a(a). Plaintiff should read Fed. R. Civ. P. 4(d)(1) and N.Y. C.P.L.R. § 312-a in their entirety for additional requirements under those provisions.[3]

---

[3] Should Plaintiff be unable to serve, he may then request an order directing that the U.S. Marshals serve on his behalf. If the Court enters such an order, Plaintiff will be responsible for any fees incurred. See 28 U.S.C. § 1921(a)(1) ("The United States marshals . . . shall routinely collect, and a court may tax as costs, fees for . . . (A) Serving a . . . summons, complaints, or any other . . . process in any case or proceeding."); 28 C.F.R. § 0.114(a) ("The United States Marshals Service shall routinely collect fees according to the following schedule: . . . (2) For process served by mail -- $8 per item mailed; (3) For process served or executed personally -- $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee . . . ., plus travel costs and any other out-of-pocket expenses.").

3

## CONCLUSION

Plaintiff's request for assistance with service is denied without prejudice, subject to renewal upon Plaintiff's showing that good-faith service attempts failed.

The Clerk of Court is directed to issue a new summons and mail it to Plaintiff, along with a copy of this Order and any additional materials on effecting service beyond what was in the information package. Plaintiff's time to effect service is extended, and he is directed to effect service of process on Defendants within 90 days of the issuance of the new summons. See Fed. R. Civ. P. 4(m).

The Clerk of Court is directed mail a copy of this Order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: October 20, 2017
New York, New York

_____
ROBERT W. SWEET
United States District Judge