USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/24/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DEMETRIUS HILL,**

                                **Plaintiff,**

        **-against-**

**ESKER L. TATUM, et al.,**

                                **Defendants.**

---

**1:17-cv-04070 (ALC)**

**<u>OPINION & ORDER</u>**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Currently pending before the Court are two motions. First is Plaintiff's motion for reconsideration and to reinstate claims following this Court's March 26, 2025 opinion and order hereafter "March order") granting the Government's motion to partially dismiss the second amended complaint. *See* ECF No. 98. Second is Government's motion to dismiss the remaining claims for lack of jurisdiction. *See* ECF No. 103, 104. For the reasons discussed below, Plaintiff's motion for reconsideration is **DENIED**, and the Government's motion to dismiss is **GRANTED**.

## BACKGROUND

The Court has previously detailed the factual history of this case. *See Hill v. Tatum*, No. 17-CV-4070-ALC, 2025 WL 918863, at *1-2 (S.D.N.Y. March 26, 2025). The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein. Demetrius Hill ("Plaintiff"), proceeding *pro se*, brings this federal civil rights action against the United States of America and eight prison officials previously employed at the Metropolitan Correctional Center, alleging tortious conduct and constitutional violations he experienced while detained there.

1

On March 26, 2025, this Court issued an opinion granting the Government's motion to partially dismiss the second amended complaint. *See* March Order. Specifically, the Court dismissed Plaintiff's claims against Defendants Jean and Owens and all of Plaintiff's *Bivens* claims, including claims for obstructed access to the courts, retaliation for grievance complaints, cruel and unusual conditions of confinement, use of excessive force, and deliberate indifference to medical needs. The Court also dismissed Plaintiff's FTCA claims arising from the May 29, 2018 administrative complaint for lack of subject matter jurisdiction as Plaintiff failed to exhaust these claims. However, Plaintiff's other FTCA claims, not arising from his May 29, 2018 administrative tort claim, were not dismissed in the March Order *See id*. Specifically, the remaining claims are those arising from Plaintiff's October 17, 2016 administrative claim pertaining to a denial of recreation time. On August 8, 2025, Plaintiff filed a motion for reconsideration and to reinstate claims. *See* ECF No. 98. Specifically, Plaintiff moves to reinstate his (1) asthma indifference claim, (2) tort claims against Defendant Les Owens, (3) denial of recreation and confinement claims, and (4) retaliation and access to courts claims. *See id*. at 3. On September 5, 2025, the Government filed an opposition to Plaintiff's motion for reconsideration and a motion to dismiss the remaining claims for lack of subject matter jurisdiction. *See* ECF 104. On September 9, 2025, Plaintiff filed an opposition to Defendant's motion to dismiss and a reply in support of his motion or reconsideration. *See* ECF No. 107. On September 25, 2025, the Government submitted its reply in support of its motion to dismiss. *See* ECF No. 108. On October 8, 2025, Plaintiff filed a sur-reply in opposition to the Government's motion to dismiss[1]. *See* ECF No. 110.

---

[1] Plaintiff was not granted leave to file a reply brief when Magistrate Judge Wang set the briefing schedule on the motion to dismiss. *See* ECF No. 97. Courts have the discretion to consider or disregard a reply brief submitted without the Court's permission. *See Hervochon v. Iona Coll.*, No. 14-CV-6017 (CS), 2019 WL 1375359, at *1 n.1 (S.D.N.Y. Mar. 27, 2019). Given that Plaintiff is proceeding *pro se* and that the length of his filings have been brief, the Court will accept Plaintiff's sur-reply in an effort to avoid

**STANDARD OF REVIEW**

### I.      Motion for Reconsideration

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). "A motion for reconsideration should be granted only when [the movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).

"[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). "Parties should not regard such a motion as an opportunity to take a second bite at the apple." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and alteration marks omitted).

---

prejudice. Nonetheless, the Court notes that the sur-reply has little impact on its analysis of the issues being considered.

## II.    Federal Rule of Civil Procedure 12(b)(1)

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). "[B]ut jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## III.    *Pro Se* Pleadings

"Courts must afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

4

**DISCUSSION**

Currently pending before the court is both Plaintiff's motion for reconsideration and the Government's motion to reinstate the remaining FTCA claims. *See* ECF Nos. 98, 103. The Court first addresses the motion for reconsideration before turning to the issue of subject matter jurisdiction for the remaining FTCA claims.

## I.    Plaintiff's Motion for Reconsideration Fails

Plaintiff moves for reconsideration and to reinstate claims pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3. As an initial matter, the Government argues that proceeding under Rule 60(b) is improper here as this Court's opinion did not dispose of the case. *See* ECF No. 104 at 13. The Government is correct. Rule 60(b) permits relief "from a final judgement, order, or proceeding." F.R.C.P. 60(b); *see also Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1998) ("By its own terms, Rule 60(b) applies only to judgements that are final."). Thus, such motion is premature at this time, as this Court's March Order did not fully dispose of the case and claims remain to be adjudicated. *See* March Order.

The Court, however, construes Plaintiff's motion as one for reconsideration of the March Order pursuant to Local Rule 6.3. The Government argues that such motion is untimely as it should be made within 14 days after entry of judgement. *See id*. As stated above, Plaintiff filed his motion for reconsideration on August 5, 2025, more than four months after the March Order was issued. *See* ECF No. 98. Plaintiff responds that his untimely motion should be excused because the Government failed to send the notice and orders to an address where he lived. *See* ECF No. 107 at 2. Even if the Court excuses the untimeliness of Plaintiff's motion for reconsideration, for the reasons that follow, Plaintiff has not set forth any matters or controlling decisions or facts that the Court has overlooked or that "might reasonably be expected to alter the conclusion reached by the

5

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accordingly, the Court declines to reconsider its previous March Order granting the Government's motion to partially dismiss the second amended complaint.

Plaintiff moves to reinstate his (1) asthma indifference claim, (2) tort claims against Defendant Les Owens, (3) denial of recreation and confinement claims, and (4) retaliation and access to courts claims. *See* ECF No. 98 at 3. Regarding the asthma indifference claim, Plaintiff argues the dismissal of such claim is contrary to the Supreme Court's decision in *Carlson v. Green*, 446 U.S. 14 (1980). *See id.* at 2. Plaintiff argues that as a result of overlooking this case, this Court misapplied *Egbert v. Boule*, 596 U.S. 482 (2022) by categorizing Plaintiff's claim as a new context. *Id.* Plaintiff's argument fails as the Court previously considered *Carlson v. Green* in reaching its decision and came to a different conclusion. *See* March Order at 11 ("Plaintiff's allegations regarding the medical care eventually provided to him diverge significantly from the context established in *Carlson*.").

Regarding the tort claims against Defendant Owens, the Court previously dismissed these claims for lack of personal jurisdiction. *See* March Order at 7-8. Specifically, the Court recognized that Plaintiff failed to respond to the Government's argument that the Court lacks personal jurisdiction over Defendant Owens and thus abandoned such claims. *See id.* Plaintiff now argues that Defendant Owens "was improperly dismissed due to a procedural maneuver involving his address versus his place of employment." ECF No. 98 at 3. Plaintiff does not point to matters or controlling decisions which he believes the Court overlooked in issuing its March Order. *See* Local Rule 6.3. As stated above, a motion for reconsideration is not an occasion for raising new arguments that could have been raised previously. *See Associated Press v. US. Dep't of Def.*, 395 F. Supp. 2d at 19. Plaintiff further fails to put forth any reason as to why he failed to raise this

6

argument previously.   Nonetheless, this issue is moot as Defendant Owens was only named in Plaintiff's *Bivens* claims which were all dismissed on separate grounds for failure to state a claim. *See* March Order at 11-14.

Plaintiff also asks the Court to reinstate his "denial of recreation and confinement" claims and his "retaliation and access to courts" claims. *See* ECF No. 98 at 3. However, outside of requesting reinstatement of these claims, Plaintiff put forth no argument as to why the Court should reconsider its prior ruling dismissing these claims. *See id*. Thus, Plaintiff's request is denied.

As the Court considered the relevant facts and law and decided accordingly, there is no need to "correct a clear error or prevent manifest injustice," *YLL Irrevocable Trust*, 729 F.3d at 104, and the Court denies Plaintiff's request for the "extraordinary remedy" of granting his motion for reconsideration. *Drapkin*, 818 F. Supp. 2d at 695.

## II.    Plaintiff's Remaining FTCA Claims Are Dismissed

### a.  Failure to Properly Present Claims

The Government moves to dismiss for lack of subject matter jurisdiction Plaintiff's remaining FTCA claims. *See* ECF No. 104 at 6. Specifically, the Government argues (1) Plaintiff failed to properly present these claims and (2) Plaintiff's claims lack a private analogue. *See id*. The Court first considers the argument that Plaintiff failed to properly present his remaining FTCA claims.

The FTCA states that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health*

*Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). To satisfy this jurisdictional component, the presentment of a claim "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (citation omitted); *see also Collins v. United States*, 996 F.3d 102, 111 (2d Cir. 2021). To do so, "a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id.* (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (1983)). "The mere act of filing a [claim] does not necessarily fulfill the presentment requirement of § 2675(a)." *Id.* Indeed, "[a] claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Id.*

The Government argues Plaintiff fails to fulfill the presentment requirement as his administrative tort claim contains no description of his alleged injury, making it impossible for the Bureau of Prisons (hereafter "BOP") to assess his claims. *See* ECF No. 104 at 6.  On October 17, 2016, Plaintiff filed an administrative tort claim with the BOP stating that from June 24, 2016 to July 24, 2026 he was denied recreation without any justification and informed he would continue to be denied recreation. *See* ECF No. 104 at 9 (citation omitted). BOP thereafter denied the claim on October 31, 2026, stating Plaintiff had not alleged a physical injury actionable under the Federal Tort Claims Act. *See id.* Plaintiff does not contest the Government's assertion that his administrative tort claim failed to include the specific injuries that are alleged in the complaint in this action, including migraines, loss of appetite, rapid weight loss, sleep loss, and other associated injuries. *See* ECF No. 104, 107. Rather, Plaintiff argues BOP's denial based on his injuries not being "actionable" shows they were on notice and evaluated the claim. *See* ECF No. 107 at 3. Plaintiff's argument fails.

While Plaintiff correctly recognizes that the "jurisdictional presentment prerequisite is one of notice, not proof," he fails to point to any injuries he alleged in the administrative claim. *Collins*, 996 F.3d at 105; *see also* ECF No. 107 at 3. Adequate notice requires sufficient details about injuries. *See Guthrie v. U.S. Fed. Bureau of Prisons*, No. 09CV990, 2010 WL 2836155, at \*4 (S.D.N.Y. July 7, 2010), *aff'd* 421 F. App'x 120 (2d Cir. 2011) ("Without a specific description of injuries, the ability of the government to expedite the fair settlement of tort claims—the purpose of the exhaustion requirement—is lost.")

In *Guthrie*, the Court found that the administrative claim submitted by an inmate who brought an FTCA claim against the United States "did not list any injuries besides his hair loss." *Id*. The Court thereafter dismissed "all common law tort claims other than the claim relating to hair loss" for lack of subject matter jurisdiction. *Id*. at \*5. The Second Circuit affirmed the district court's decision for substantially the same reasons. *Guthrie*, 421 F. App'x at 120. Similarly, in *Romulus*, the Eastern District of New York granted dismissal of an FTCA claim under like circumstances. In that case, the administrative claim contained allegations that a plaintiff "sustained severe personal injuries to her head, body, and extremities, pain and suffering, and emotional distress" after being struck by a postal vehicle. *Romulus v. United States*, 983 F. Supp. 336, 337 (E.D.N.Y. 1997), *aff'd* 160 F.3d 131 (2d 1998). After plaintiff's claim was denied, she brought suit under the FTCA, and the Government moved to dismiss on the basis that she failed to exhaust her administrative remedies and properly present her claim. *See id*. at 338-39. The district court granted dismissal and reasoned that plaintiff's allegations pertaining to the injuries were conclusory and failed to provide adequate detail. *Id*.at 342. The Second Circuit affirmed the district court's decision, explaining the plaintiff failed to provide adequate information to investigate the claim. *Romulus*, 160 F.3d at 132.

Plaintiff's administrative claim is even more deficient than those in *Guthrie and Romulus* as Plaintiff's claim contained no mention of specific injuries at all. Thus, the Court finds that it lacks subject matter jurisdiction over the remaining FTCA claims as Plaintiff failed to meet the presentment requirement required to exhaust his administrative claim.

### b. Claims Lack a Private Analogue

The Court now turns to the Government's argument that the Court lacks subject matter jurisdiction because Plaintiff's remaining FTCA claims are predicated on the alleged denial of recreation time which lacks a private analogue.

Under the FTCA, the Government "waives sovereign immunity only 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Carter v. United States*, 494 F. App'x 148, 149 (2d Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674). "To satisfy the private analogue requirement, the plaintiff must show that his claim is comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true satisfy the necessary elements of that comparable state cause of action." *Id.* at 149 (internal quotations and citations omitted). The FTCA "does not waive sovereign immunity for claims against the government based on governmental 'action of the type that private persons could not engage in and hence could not be liable for under local law." *Lirzano v. United States*, 690 F.3d 78, 86 (2d Cir. 2012) (quoting *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988)).

Plaintiff's remaining FTCA claims are based on the alleged denial of recreation time. To the extent such claims are based on constitutional violations, it is well established that the FTCA's waver of sovereign immunity does not extend to constitutional claims against the Government. *See Hernandez v. United States*, 939 F.3d 191, 205 (2d Cir. 2019) ("The FTCA has not waived the

Government's sovereign immunity with respect to claims that its employees have committed constitutional torts under the federal constitution." (internal quotations and citations omitted)). Further, Plaintiff's claims based on the denial of recreation time arise out of his confinement, and Plaintiff argues custodial institutions can be held liable under such circumstances. *See* ECF No. 107 at 2. However, "Private persons cannot establish facilities to detain other persons—only the government can, either on its own or through a government contractor." *McGowan v. United States*, 825 F.3d 118, 127 (2d Cir. 2016) (finding there is no private analogue as there is no circumstance in state tort law that is analogous to such claims challenging conditions of detention). Because Plaintiff's claims relating to the denial of recreation time arise out of his confinement itself, such claims are based on government functions and lack a private analogue.

As Plaintiff has failed to plead a tort claim that could invoke the FTCA waiver, the Court finds lacks subject matter jurisdiction over Plaintiff's remaining FTCA claims as they fail to meet the private analogue requirement.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**, and the Government's motion to dismiss the remaining claims is **GRANTED.** Plaintiff's claims are hereby **DISMISSED without prejudice**. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d. Cir. 2017) (acknowledging that where a case is dismissed for lack of subject matter jurisdiction, it must be dismissed without prejudice). No claims remain.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff, terminate any open matters on the docket, and close this case. *See* ECF No. 98, 103.

**SO ORDERED.**

**Dated: March 24, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**

**United States District Judge**